Civil Action No. 5-15-CV-1044

# EXHIBIT  A

```
Proceeding(s) for Cause Nbr 2015CI17985 displayed successfully
                ***** Bexar County Centralized Docket System *****
11/23/2015              - Proceeding Information -
Jury fee Paid                  Case 2015CI17985
Selection: __   Case Nbr: 2015CI17985____  Qualifier _____
 Style: JOSHUA SALAZAR vs TEXAS PRIDE FUELS LTD
 Court: 288    Docket Type: EMPLOYMENT-DISCRIMINATION        Stat
Actions:(A,M,P)      Unpaid Balance:       0.00  Account Number:
     Seq  Date Filed     Reel    Image     Page Cnt
  _  00001 10/23/2015
     DESC: JURY FEE PAID
  _  00002 10/23/2015
     DESC: PETITION
  _  00003 10/23/2015
     DESC: SERVICE ASSIGNED TO CLERK 1
  _  00004 11/18/2015
     DESC: ORIGINAL ANSWER OF
            TEXAS PRIDE FUELS LTD
                    *** End of Data ***



Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--
      help  retrn main  add   build top   bkwrd frwrd bot   SI
```

FILED
10/23/2015 3:08:34 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Lisa Morales

**J/D CITCML SAC1**

CAUSE NO. **2015CI17985** _____

| | | |
|---|---|---|
| JOSHUA SALAZAR | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | **288TH** JUDICIAL DISTICT |
| | § | |
| TEXAS PRIDE FUELS, LTD. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **JOSHUA SALAZAR**, Plaintiff, and files this Plaintiff's Original Petition, complaining of **TEXAS PRIDE FUELS, LTD.**, hereinafter referred to as Defendant, and would respectfully show unto the Court as follows:

## I.
## PARTIES

1. Plaintiff **JOSHUA SALAZAR** is a resident of Bexar County, Texas.

2. Defendant, **TEXAS PRIDE FUELS, LTD.,** is a domestic limited partnership doing business in Bexar County, Texas. Defendant may be served by certified mail, return receipt to its registered agent, Daniel T. Haile, at 1300 Highway 199 E, Springtown, TX 76082.

## II.
## VENUE

3. Venue of this action is proper in Bexar County, Texas in that all or a substantial part of the events or omissions which led to Plaintiff's wrongful termination occurred in Bexar County, Texas.   TEX. CIV. PRAC. & REM. CODE ANN. § 15.001 (1).

4. Venue is proper in Bexar County, Texas in that the Defendant conducts business in Bexar County.   See TEX. CIV. PRAC. & REM. CODE § 15.002.

5. At the time of filing, damages are within the jurisdictional limits of the court.

6. All claims are brought strictly under state statutes.

### III.
### DISCOVERY

7. Plaintiff requests that discovery be conducted under Level 3, and that non-expedited discovery rules apply as actual damages, punitive damages, lost wages, mental anguish and attorney fees shall exceed $100,000 and involve non-monetary relief.

### IV.
### MISNOMER / MISIDENTIFICATION

8. In the event that any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein.   Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### V.
### FACTS

9. Mr. Salazar was a faithful employee of Texas Pride Fuels, LTD., for over four years until his wrongful termination.

10. Mr. Salazar was employed as driver for Texas Pride Fuels, LTD. During his employment, Mr. Salazar also functioned as a supervisor, although he was only designated as and improperly paid as a lead.

11. In addition to his essential job duties, Mr. Salazar also conducted scheduling, dispatching, mapping, minor mechanic, and filled in for drivers who had called in to work. In contrast, a lead's only ensured that work was being done right by coworkers.

12. On or around mid-February, 2015, Eddie Moya told Jay Mullinix to put "this nigger to work," referring to a black employee named Robert Johnson.   Eddie Moya again told Jay Mullinix to put the "nigger to work."   Three days later, Eddie Moya told another employee, Daniel Ramirez, that they should not have bought "this nigger" car.

13. Mr. Salazar and several other co-workers, including Jay Mullinix , Daniel Ramirez, and Hugo Caicedo, made complaints to Drew Chambles and Alan Hyatt in compliance with Texas Pride's discrimination policy. They followed up repeatedly with Alan Hyatt and Drew Chambles to inquire if something was going to be done, but never received any feedback.   Alan Hyatt started mistreating and targeting the employees that complained about the racism, including Joshua Salazar. Multiple individuals working with Texas Pride that made complaints were subsequently fired for inexplicable reasons, including Mr. Salazar. Several of the route drivers ultimately filed complaints about Alan Hyatt's behavior, but Mr. Hyatt retained his job.

14. On March 24, 2015, Mr. Salazar and fellow supervisor Hugo Torres met with Corporate Manager Joe Davidson about the repeated reports made to the company about mistreatment of drivers and leads.   Mr. Salazar was concerned that many of his good drivers that knew their routes well were going to leave if the Alan Hyatt continued to target drivers. Mr. Salazar was further concerned that there was pressure for the employees to move gasoline that had been allegedly stolen from another company, E.O.G. Leases, and that these employees who had complained were now being pushed to move this product or else be terminated. Mr. Davidson informed them that he would keep investigating the actions of Alan Hyatt.

15. Mr. Salazar and Mr. Torres received no indication that there was any investigation into the problems alleged.

16. On April 1, 2015, Dan Haile, Executive Vice President and Co-founder of Texas Pride Fuels, LTD., spoke at a mandatory meeting called for all route drivers.   Haile informed the drivers of potential layoffs due to the global economy.   He emphasized that they did everything they

could to keep people employed, but there was a risk of people being fired.   In the same

breath, Haile began discussing accusations of racism, discrimination, and harassment within

the company.   Haile stated that there was an obligation of the company to investigate the

accusations, interview witnesses, and talk to legal counsel.   Haile reassured the employees

that attempts to reach resolution were being made, although there was no elaboration made as

to what those attempts were. He acknowledge that Joe Davidson was informing him of

multiple complaints of discrimination made by employees.   Haile also acknowledged that he

was aware that employees felt they were being mistreated, discriminated against, and that

they felt uncomfortable coming forward.   Haile stated that there was "a tremendous amount

of hostility in the workplace right now," which necessitated the need for a new way to report

discrimination and harassment in the workplace. Therefore, a new process for filing

discrimination complaints, via email to Human Resources, was being implemented to address

the numerous concerns. In the same breath of discussing investigations of discrimination and

harassment, Mr. Haile stated that "we need to conduct this inquiry......but we may need to lay

some people off."

17. Later that same day of April 1, 2015, Mr. Haile met with Joshua Salazar, and Mr. Salazar

informed Mr. Haile that he loved working for Texas Pride Fuels, and was always willing to

go the extra mile, even to the extent he brought his own tools from home to work.   However,

Mr. Salazar was concerned that despite his best efforts to excel at the company, that he was

being misled by management and was being asked to do illegal and dangerous work for

Texas Pride Fuels.   Mr. Salazar had previously raised concerns that he was working for 30-

40 hours straight without any sleep, and that his truck almost flipped over because he was

falling asleep driving, a danger to himself and a liability for the company.   As a result, Texas

Pride Fuels had threatened to cut Mr. Salazar's regular work week hours significantly so that he would only make a nominal wage.    Mr. Salazar informed Mr. Haile of his concerns with mistreatment of himself and employees by Alan Hyatt and Drew Chambles. Ultimately, Mr. Salazar wanted to just work hard to Texas Pride and provide for his family.

18. On April 6, 2015, Mr. Salazar was terminated by Mr. Haile.

19. Mr. Salazar was told his termination was not due to any reflection of his work, just that Haile believed that at this point, their relationship was beyond repair and "because of everything else that was going on."

20. Defendant alleged that Mr. Salazar was terminated for not exhibiting a "positive attitude" in violation of the employee handbook.   A review of the handbook provides a vague and ambiguous generalization about positive attitudes in the workplace.   Mr. Salazar, contends, that his participation in an investigation of the co-worker's complaint and opposition to the discrimination led to his termination shortly thereafter.

21. That day, April 6, 2015, Mr. Salazar filed a Charge of Discrimination based on race and retaliation with the Equal Employment Opportunity Commission and the Texas Workforce Commission Civil Rights Division. Mr. Salazar alleged in his charge that he was terminated for opposition to discrimination in the workplace and participation in an investigation of an employee's complaint of a racially hostile work environment, in violation of Chapter 21 of the Texas Labor Code, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981

22. Several days after Mr. Salazar's termination, there was training required for compliance with discrimination, harassment, and retaliation policy for the remaining employees.   This was the first training of its kind to Mr. Salazar's knowledge. Mr. Salazar has recently learned that Eddie Moya, has only recently lost his job, allegedly due to another racist incident in which

Moya called another employee a "wetback." Although this shows a move in the right direction by Defendant, it is far removed from when Mr. Salazar was retaliated against and terminated.

23. A review of this case shows that Mr. Salazar was the victim of retaliation in violation of the Texas Labor Code. Texas Pride Fuels wrongfully terminated a dedicated employee within two weeks after seeking assistance and protection from a company executive with regards to discrimination, harassment and retaliation a co-worker was suffering at the hands of a supervisor.

24. A further review of this case demonstrates that Mr. Salazar was not properly paid for his overtime in violation of the Fair Labor Standards Act. Frequently, his paycheck would contain mistakes as to the total overtime hours he worked. He would bring it to his supervisors' attention, and often a disagreement over how many hours he worked would ensue.   For the times he was in fact reimbursed for overtime hours worked, he would still be paid less than he had earned, as a check would be cut for his regular rate of pay, $19.00, not at the $28.50 he was entitled to for overtime rate of pay.

25.  Mr. Salazar's net lost wages are a minimum of $60,000 a year, and at least $32,000 to date. With Texas Pride, Mr. Salazar's schedule fluctuated, but he worked significant amounts of overtime each month.

26. For his last full pay period beginning March 22, 2015 and ending April 04, 2015, Mr. Salazar worked 80 hours at the regular pay rate of $19.00 an hour, 76.80 hours at the overtime rate of $28.50, and received 8 hours of paid time off at $19.00 per hour, for a total of $3852.35 for the two weeks, or approximately $7704.50 that month. This estimate of his monthly rate is low, considering it was not unusual for Mr. Salazar to work over a hundred hours overtime

per pay period. Mr. Salazar also had 34 hours of PTO and a bonus owed to him at the time of his termination.

27. At his current job, Mr. Salazar is paid $18.00 an hour, but generally works around 80 hours per two week pay period.

28.    In the pay period beginning August 09, 2015 and ending August 22, 2015, Mr. Salazar worked 80 hours at the regular driver pay rate of $18.00 an hour and worked 0.18 hours at the overtime rate of $27.00 per hour for $8.10, for a total of $1,448.10, or approximately $2896.20 per month.

29. Unlike his position with Texas Pride, Mr. Salazar is rarely afforded overtime with his current employer.

**VI.**
**DISCRIMINATION, HARASSMENT, RETIALIATION AND WRONGFUL TERMINATION**
**BASED ON RAVE UNDER TEX. LABOR CODE § 21.051, *et seq.***

30. Prior to his termination, Plaintiff had faithfully served Defendant in his capacity as an employee and faithfully performed all duties expected of him.   The acts committed by the agents, servants and/or employees of the Defendant in discriminating against and wrongfully terminating Plaintiff based on his race all constitute violations of Tex. Labor Code § 21.051, et seq., including §§ 21.051, 21.101, 21.125, and any other applicable provisions.

31. As a result of Defendant's discrimination and unlawful retaliatory actions, the Plaintiff has suffered, and will continue to suffer actual damages in the form of lost wages, past and future, and lost employment benefits.

**VII.**
**DISCRIMINATION BASED ON RACE**
**UNDER TEXAS LAW**

32. The evidence will demonstrate:

    a.  Plaintiff belongs to a protected class based on race;

    b.  Plaintiff was qualified for his position;

    c.  Plaintiff was subject to adverse employment action(s); and

    d.  Others outside Plaintiff's protected class were not treated similarly.

## VIII.
## RETALIATION BASED ON RACE IN VIOLATION OF THE TEXAS LABOR CODE § 21.051, et seq.

33. The evidence will demonstrate:

    a.  Plaintiff engaged in a protected activity (including, but not limited to, making complaints of and opposing discrimination;

    b.  Plaintiff was subjected to adverse employment action(s); and

    **c.**  There is a causal connection between the protected activity and Defendant's adverse action.

34. Prior to his termination, Plaintiff faithfully served Defendant in his capacity as an employee and faithfully performed all duties expected of him.  The acts committed by the agents, servants, and/or employees of Defendant in retaliating against Plaintiff based on his opposition to racial discrimination and racial epitaphs toward a coworker into the racial discrimination constitutes violations of the Texas Labor Code § 21.051, et. seq.

35. Plaintiff's opposition to racial discrimination led to Plaintiff's termination.

36. Plaintiffs herein contend Defendant generally violated the spirit and intent of the Labor Code in that Defendant retaliated against Plaintiff and wrongfully terminated Plaintiff after his complaints of racial discrimination and retaliation, opposition to discrimination and participation in the and complaint process.

## IX.

## FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

37. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers.   To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and   one-half times the regular rate at which he is employed." Walling v. Helmerich & Payne, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

38. Defendant's failure to pay overtime and/or forcing Plaintiff to work any off the clock hours or suffer deductions for partial days violated the Fair Labor Standards Act of 1938 as currently amended and codified at 29 U.S.C. §201 *et seq*. (FLSA). Therefore, Plaintiff is entitled to recover regular and/or overtime pay for each hour worked off the clock and/or in excess of 40 hours during any one work week at the rate of one and one half times his hourly rate and is entitled to reimbursement for any improper deductions.

39. Plaintiff would show that the FLSA violations were willful and as such Plaintiff is entitled to accrued, unpaid overtime pay. Plaintiff is further entitled to liquidated damages in an amount equal to the overtime benefits due because of the willful nature of the Defendant's failure to take reasonable steps to comply with the FLSA.   Plaintiff is also entitled to recover mandatory attorneys' fees under the statute.

## X.

## COVERAGE

40. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff.

41. At all times hereinafter mentioned, Defendant Greater Learning has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

42. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

43. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

44. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## XI.
## WRONGFUL DISCHARGE AND RETALIATION

45. Plaintiff's employment was y terminated and he suffered retaliation by Defendants, after Plaintiff had complained to Defendants of the wage and hour law violations under the FLSA that are the subject of this lawsuit. Consequently, Defendants have engaged in

discriminatory conduct and retaliatory acts that are expressly prohibited by FLSA §215(a)(3).

46. The evidence will also show that Defendant's reason(s) for taking adverse employment actions against Plaintiff's employment are pretextual.

## XII.
## RESPONDEAT SUPERIOR

47. Employees involved in the discrimination described herein were at all times employees, agents, or representatives of the Defendant company and were at all times acting in the course and scope of that employment.   Accordingly, Defendant is liable for such conduct under the doctrine of Respondeat Superior.

## XIII.
## DAMAGES

48. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

   a.   Overtime pay, time and one half pay, for all hours worked while employed by Defendant that were in excess of 40 hours per week and for all regular time and/or overtime hours worked "off the clock" during the business day;

   b.   All reasonable and necessary Attorneys' fees incurred by or on behalf of Plaintiff;

   c.   Back pay from the date that Plaintiff was terminated and interest on the back pay in an amount sufficient to compensate Plaintiff as the Court deems equitable and just and liquidated damages as provided under the statute;

   d.   All reasonable and necessary costs incurred in pursuit of this suit;

   e.   Expert fees as the Court deems appropriate;

   f.   Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

   g.   Pre and Post judgment interest as allowed by law and punitive damages;

h.      Mental anguish in the past;

i.      Mental anguish in the future; and

j.      Loss of benefits, promotional opportunities, and job status.

## XIV.
## ADMINISTRATIVE FILINGS

49. Plaintiff dually filed his original verified complaint with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division ("TWCCRD").

50. Since that time, Mr. Salazar amended his charge of discrimination to specify Title VII, 1981, and Texas Labor Code violations.

51. Thereafter, Plaintiff received a "Notice of Suit Rights," giving Plaintiff notice of his right to sue Defendant within 60 days of its receipt.   More than 180 days has passed since the filing of Plaintiff's initial EEOC and TWCCRD Charge.

## XV.
## ATTORNEY FEES

52. Defendant's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining counsel.   Therefore, Plaintiff seeks all reasonable and necessary attorney fees authorized under the FLSA and the Texas Labor Code in this case which would include at least the following:

   a.   Preparation and trial of the claim, in an amount the jury deems reasonable;

   b.   Post-trial, pre-appeal legal services, in an amount the jury deems reasonable;

   c.   An appeal to the Court of Appeals, in an amount the jury deems reasonable;

   d.   Making or responding to an Application for Writ of Error to the Supreme Court of Texas, and attorneys' fees in the event that application for Writ of Error is granted,

in an amount the jury deems reasonable; and

e.  Post-judgment discovery and collection in the event execution on the judgment is

necessary, in an amount the jury deems reasonable.

## XVI.
## JURY DEMAND

53. Plaintiff further demands a trial by jury.   A jury fee has been tendered.

## XVII.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to

appear and answer herein; that upon a final hearing hereof, a judgment be rendered for Plaintiff

for damages set out above in an amount the jury deems reasonable under the circumstances, along

with costs of court, and both post and prejudgment interest as allowed by law, attorneys' fees and

for such other and further relief to which Plaintiff may be justly entitled.

**Respectfully Submitted,**

**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Road, Suite 109**
**San Antonio, Texas 78229-3550**
**Telephone:(210) 212-7979**
**Facsimile:(210) 212-5880**

**BY:** _/s/Thomas N. Cammack, III_

**ADAM PONCIO**
STATE BAR NO. 16109800
**THOMAS N. CAMMACK, III**
STATE BAR NO. 24073762

**ATTORNEYS FOR PLAINTIFF**

CERTIFIED MAIL #70151730000093919199 **Case Number: 2015-CI-17985**

**JOSHUA SALAZAR**

*Plaintiff*

vs.

**TEXAS PRIDE FUELS LTD**

*Defendant*

(Note: Attached document may contain additional litigants).

**"THE STATE OF TEXAS"**

**DIRECTED TO: TEXAS PRIDE FUELS LTD**

2015CI17985 S00001

IN THE DISTRICT COURT
288th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

          BY SERVING ITS REGISTERED AGENT, DANIEL T HAILE
          1300 HIGHWAY 199 E
          SPRINGTOWN TX 76082-6891

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 23rd day of October, 2015.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 26TH DAY OF OCTOBER A.D., 2015.

PETITION

THOMAS N CAMMACK III
ATTORNEY FOR PLAINTIFF
5410 FREDERICKSBURG RD 109
SAN ANTONIO, TX 78229-3554



**Donna Kay McKinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By : *Victoria R Angeles*, Deputy

*Mailed ouT  10/29/2015*

Officer's Return

Came to hand on the 26th day of October 2015, A.D., at 11:29 o'clock A.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____, A.D., 20___, by delivering to _____ a true copy of this Citation, upon which I endorse the date of delivery, together with the accompanying copy of the PETITION

Cause of failure to execute this Citation is _____

                    **Donna Kay McKinney**
                    Clerk of the District Courts of
                    Bexar County, Texas

          By : *Victoria R Angeles*, Deputy

⊏FILE COPY (DK003)⌐

DOCUMENT SCANNED AS FILED

FILED
11/18/2015 2:09:41 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Olivia Cruz

### CAUSE NO. 2015CI17985

| | | |
|---|---|---|
| **JOSHUA SALAZAR,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **288**[TH] **JUDICIAL DISTRICT** |
| | § | |
| **TEXAS PRIDE FUELS, LTD.,** | § | |
| | § | |
| **Defendant.** | § | **BEXAR COUNTY, TEXAS** |

---

### DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

---

COMES NOW Defendant Texas Pride Fuels, Ltd. ("Defendant"), and in answer to Plaintiff's Original Petition on file herein, states as follows:

#### General Denial

1.      Defendant generally denies, each and every, all and singular, the allegations contained in Plaintiff's Original Petition, and any amendments or supplements thereto, and demands strict proof thereof upon a preponderance of the evidence. With respect to any claim by Plaintiff for punitive or exemplary damages, Defendant demands strict proof thereof by clear and convincing evidence.

#### Affirmative Defenses

1.      Plaintiff is precluded from recovering for any events occurring outside the applicable statute of limitations provided for in the Texas Labor Code or Texas Civil Practice & Remedies Code.

2.      Any claim in Plaintiff's Original Petition that was not raised in a charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the date of the alleged wrongful conduct, and any claim under the Texas Commission on

Human Rights Act ("TCHRA") that was not raised in a charge of discrimination filed with the Texas Workforce Commission – Civil Rights Division ("TWC-CRD") within 180 days of the alleged wrongful conduct, is barred by Plaintiff's failure to exhaust administrative remedies and the applicable statutes of limitations.

3.      To the extent Plaintiff filed suit more than 60 days after receiving his Notice of Right to File Civil Action from TWC-CRD or more than 90 days after receiving his Dismissal and Notice of Rights from the EEOC, his claims are barred by limitations.

4.      Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendant, Defendant pleads and invokes all applicable damage caps and/or limitations including, but not limited to, those under the United States and Texas Constitutions; the Texas Labor Code, including, but not limited to, § 21.2585 therein; the Texas Civil Practice & Remedies Code, including, but not limited to, §§ 41.008 and 41.003; 42 U.S.C. § 1981; and all other applicable laws.

5.      Plaintiff has failed to mitigate any damages he may have suffered on account of Defendant's actions, and the damages, if any, sustained by Plaintiff should be reduced by the value of any wages, benefits, and payments in lieu of wages that Plaintiff has earned or received since the events of which Plaintiff complains.

6.      Defendant had legitimate, non-discriminatory reasons for the actions taken in relation to Plaintiff's employment, and all decisions made regarding Plaintiff's employment were made in the exercise of proper managerial discretion and in good faith for legitimate reasons.

7.      Defendant cannot be vicariously liable for retaliatory employment decisions of managerial agents because those decisions, if any, were contrary to Defendant's good faith efforts to comply with applicable federal, state, and local laws and regulations prohibiting

2

employment discrimination and retaliation.   Thus, Plaintiff is not entitled to recover punitive damages. *See Kolstad v. Amer. Dental Ass'n*, 527 U.S. 526 (1999).

8.      Plaintiff's claims for punitive damages are barred because the alleged acts or omissions of Defendant, even if proved, fail to rise to a level required to sustain an award of punitive damages, do not evidence malicious, reckless or fraudulent intent to deny Plaintiff his protected rights, and are not wanton and willful so as to support an award of punitive damages.

9.      Defendant expressly denies that any of its employees, officers or agents acted in any manner that would constitute harassment or discrimination; however, if Plaintiff's rights were violated, any such violation occurred outside the scope of employment and without the consent of Defendant.

10.      Plaintiff's claims are barred, in whole or in part, by his failure to allege facts sufficient to constitute a cause of action.

11.      Defendant would have made the same employment decisions with regards to Plaintiff in the absence of any discriminatory, retaliatory or otherwise unlawful motive, and such motive is denied.

12.      If any improper, illegal, discriminatory, or retaliatory actions were taken by any of Defendant's employees against Plaintiff (which Defendant denies), they were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by Defendant and thus cannot be attributed or imputed to Defendant.

13.      Defendant at all times has acted reasonably towards Plaintiff and promulgated and disseminated policies prohibiting discrimination and retaliation in the workplace in compliance with the Texas Labor Code.

3

14.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to satisfy all conditions precedent, including, but not limited to, Plaintiff's failure to timely file his charge of discrimination prior to instituting this action.

15.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust all administrative remedies prior to instituting this action.

16.     Plaintiff's claims are barred, in whole or in part, by waiver and/or estoppel.

17.     Plaintiff's claims are barred, in whole or in part, due to Plaintiff's own misconduct.

18.     Plaintiff's claims fail because Defendant exercised reasonable care to prevent and remediate promptly any allegedly harassing and/or discriminatory behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

19.     Plaintiff's Original Petition fails to state facts sufficient to provide a legal or factual basis to award compensatory damages, including, but not limited to, emotional distress or mental anguish damages.

20.     To the extent Plaintiff seeks to recover damages from outside the applicable limitations period provided by the Fair Labor Standards Act ("FLSA"), Plaintiff's damages are barred.

21.     Defendant's actions and/or alleged actions do not constitute a willful violation (or any violation) within the meaning of the FLSA.

22.     Defendant did not intentionally or knowingly engage in any conduct in violation of the FLSA, nor did it exhibit reckless disregard for the FLSA's requirements.

23.     The actions taken by Defendant were undertaken in good faith and were based upon reasonable grounds for believing the Defendant's conduct was not in violation of the FLSA.

24.     Plaintiff was compensated for all hours worked in excess of 40 hours in any particular workweek at a rate not less than that required by the overtime provisions of the FLSA.

25.     Plaintiff's claims for recovery of overtime compensation and liquidated damages are barred for hours allegedly worked without Defendant's actual or constructive knowledge.

26.     Plaintiff's claims for recovery of overtime compensation and liquidated damages are barred for hours Plaintiff did not report to Defendant.  Plaintiff was responsible for reporting his hours of work.  Defendant neither knew nor had reason to know Plaintiff was working any uncompensated overtime hours and was not accurately reporting his hours of work. Accordingly, Defendant is not liable for any alleged unpaid, unreported overtime hours.

27.     The time for which Plaintiff seeks compensation is *de minimis.*

28.     Defendant retains the right to add any other and further affirmative defenses in compliance with the Texas Rules of Civil Procedure and/or the Court's scheduling order.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant Texas Pride Fuels, Ltd. prays that on final hearing, the Court dismiss Plaintiff's claims in their entirety and order that he take nothing by reason thereof, and grant to Defendant such other relief to which it may show itself justly entitled at law or in equity.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
2700 Weston Centre
112 East Pecan Street
San Antonio, TX  78205
210.354.1300 (phone)
210.277.2702 (fax)

By:    /s/ Adam D. Boland
   Soña Ramirez
   Texas Bar No. 24040330
   Soña.Ramirez@ogletreedeakins.com
   Adam D. Boland
   Texas Bar No. 24045520
   Adam.Boland@ogletreedeakins.com

   **ATTORNEYS FOR DEFENDANT**
   **TEXAS PRIDE FUELS, LTD.**


## CERTIFICATE OF SERVICE

  I hereby certify that on this 18th day of November, 2015, a true and correct copy of the foregoing was filed electronically via the Bexar County Court electronic filing system, and a copy was served electronically upon the following counsel of record:

Adam Poncio
Thomas N. Cammack, III
Poncio Law Offices, P.C.
5410 Fredericksburg Road, Suite 109
San Antonio, Texas  78229-3550

/s/ Adam D. Boland
Soña Ramírez / Adam D. Boland

22942219.1

6

CERTIFIED MAIL #70151730000093919199 **Case Number: 2015-CI-17985**

2015CI17985 S00001

**JOSHUA SALAZAR**

*Plaintiff*

vs.

**TEXAS PRIDE FUELS LTD**

*Defendant*

(Note: Attached document may contain additional litigants).

**"THE STATE OF TEXAS"**

**DIRECTED TO:** TEXAS PRIDE FUELS LTD

IN THE DISTRICT COURT
288th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

**FILED**
449  O'CLOCK      M
NOV 1 0 2015
DONNA KAY M°KINNEY
District Clerk, Bexar County, Texas

BY SERVING ITS REGISTERED AGENT, DANIEL T HAILE
1300 HIGHWAY 199 E
SPRINGTOWN TX 76082-6891

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 23rd day of October, 2015.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 26TH DAY OF OCTOBER A.D., 2015.

PETITION

THOMAS N CAMMACK III
ATTORNEY FOR PLAINTIFF
5410 FREDERICKSBURG RD 109
SAN ANTONIO, TX 78229-3554



**Donna Kay M°Kinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Victoria R Angeles,* Deputy

---

Officer's Return

Came to hand on the 26th day of October 2015, A.D., at 11:29 o'clock A.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the 2 day of NOV , A.D., 2015, by delivering to A. WATSON a true copy of this Citation, upon which I endorse the date of delivery, together with the accompanying copy of the PETITION

Cause of failure to execute this Citation is _____

**Donna Kay M°Kinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Victoria R Angeles,* Deputy

RETURN TO COURT (DK003)

DOCUMENT SCANNED AS FILED



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage

TEXAS PRIDE FUELS LTD
C/O DANIEL T HARKE
1300 HIGHWAY 199
SPRINGTOWN, TX 76082-6891

2015C117985  10/26/2015  C1TCM  VICTORIA R ANGELES

7015 1730 0000 9391 9198

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TEXAS PRIDE FUELS LTD
C/O DANIEL T HAILE
2300 HIGHWAY 199 E
SPRINGTOWN, TX 76082-6891

2015C117985  10/26/2015  .CICCM  VICTORIA R ANGELES

9590 9401 0015 5168 4064 43

2. Article Number. (Transfer from service label)

7015 1730 0000 9391 9199

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  ☐ Agent
    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

H. Watson    10/30/15

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:     ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053    Domestic Return Receipt

DOCUMENT SCANNED AS FILED

